UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE
NASHVILLE

| | | |
|---|---|---|
| Linda Shipes | ) | Case No. 3:11-0414 |
|     Plaintiff | ) | |
| | ) | |
| | ) | |
| vs. | ) | JUDGE NIXON |
| | ) | |
| | ) | MAGISTRATRE JUDGE KNOWLES |
| Lowes Home Centers, Inc | ) | JURY DEMANDED |
|     Defendants | ) | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local rule 16.01, Plaintiff Linda Shipes and Defendant Lowes Home Centers, Inc., submit this proposed Initial Case Management Order.

### I. JURISDICTION AND VENUE

1. <u>Status of Service Process.</u>  Service of process has been completed.

2. <u>Status of Responsive Pleadings.</u>  Defendant has timely filed Answers to the Complaint.

3. <u>Jurisdiction.</u>  This Court has jurisdiction pursuant to Diversity Jurisdiction – 28 USC § 1332.

### II. PARTIES' THEORIES OF THE CASE

1. <u>Theory of the Case of Plaintiff Linda Shipes</u>

Plaintiff was a business invitee at the retail establishment owned and operated by the Defendant. That the Defendant had a duty to properly secure lumber and maintain a safe environment for customers. The Defendant failed to insure that lumber available to customers, in overhead locations, were properly stacked and secured. That the Defendant did, or should have known, through regular and ordinary inspection, that the wood in the bin that the Plaintiff was accessing, was stacked well above the safety bars that were meant to protect customers from wood falling on them. Further, the Defendant's employee was standing in the immediate area and failed to assist or warn the Plaintiff, while she was accessing the

wood bin.

Plaintiff was acting in the normal course of a customer at the establishment and did not contribute to her own injuries.

As a direct and proximate result of the negligence of the Defendant, the Plaintiff has sustained extensive personal injuries which at this time appear to be permanent and continuing in nature. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has sustained medical expenses, future medical expenses, lost earnings, earning capacity, loss of enjoyment of life, mental or emotional pain and suffering, disfigurement, pain and suffering, emotional distress, and other damages resulting from Plaintiff's injuries

2. <u>Theory of the Case of Defendant Lowes Home Centers, Inc.</u> - The Defendant denies any and all negligence. It is denied that the lumber was improperly stacked, and it is denied that the Plaintiff was injured due to the fault of the Defendant. It is denied that there was any hazardous condition, and in the alternative, it is denied that the Defendant had notice of any alleged hazardous condition. As such, there was no legal duty, and thus no breach of any legal duty. Further, the Defendant has no substantiating proof that the incident occurred, and as such, same is denied at this time. In the alternative, it is asserted that if there was an incident, that the Plaintiff's claims should be barred, or proportionally reduced, under the doctrine of comparative fault and comparative negligence as adopted by the State of Tennessee. In the alternative, in that Lowe's had no notice of any hazard, and in that Lowe's did not stack any wood improperly, the alternative defense of intervening / superseding event is pled. Further, the nature and extent of any injuries and damages, if any, are in dispute, and the Defendant denies it is liable to the Plaintiff for any such alleged damages or injuries, if any. Further, to the extent that the Plaintiff has not mitigated her damages, if any, same is also pled herein.

**III. SCHEDULE OF PRETRIAL PROCEEDINGS**

    A. <u>Rule 26(a)(1) Disclosure</u>

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

B. Other Pretrial Discovery Matters

    1. As determined at the case management conference on Monday June 27, 2011 at 10:00 am, the parties will be ready for trial by August, 2012. The parties expect the trial to last approximately 2 days.

    2. All discovery shall be completed on or before March 30, 2012. All written discovery shall be submitted in sufficient time so that the response shall be in hand on or before October 30, 2011. There shall be no stay of discovery pending disposition of any motions. The deadline for filing Discovery-related Motions is April 10, 2012.

    3. All dispositive motions shall be filed on or before May 1, 2012, and any response thereto shall be filed on or before 30 days after the filing of the motion. Any reply shall be filed on or before 14 days after the filing of the response.

    4. Any motion to amend the pleadings is due on or before December 1, 2011.

    5. Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories per party. Subparts of a question shall be counted as additional questions for purposes of the overall number.

    6. On or before December 15, 2011, the plaintiff shall declare to the defendants (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

On or before February 28, 2012, the defendant shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B). If the Defendant desires an independent medical examination of the Plaintiff, they are entitled to have one performed at their expense by a health care provider of their choosing, and said IME shall be performed by February 28, 2012, and any IME deposition shall be completed by March 30, 2012.

Plaintiff shall conduct all expert / medical depositions for proof no later than December 30, 2011. Defendant shall conduct all expert / medical depositions for proof, no later than March 30, 2012.

There shall not be any rebuttal expert witnesses.

Jury trial is set to begin on September 11, 2012, at 9:00 a.m. A pretrial conference shall be held on August 31, 2012 at 10:00 a.m. Judge Nixon will issue a separate order setting forth his requirements for both the trial and pretrial conference.

It is so ORDERED.

_____
Magistrate Judge E. Clifton Knowles